UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
PAULETTE GANGEMI,                                          :
                                                           :
                                        *Plaintiff*,       :
                                                           :            22-CV-7961 (ALC)
                       -against-                           :
                                                           :            <u>OPINION AND ORDER</u>
ARCH ONCOLOGY, INC., THE BOARD OF                          :
DIRECTORS OF ARCH, AND LAURENCE                            :
BLUMBERG.                                                  :
                                                           :
                                        *Defendants*.      x
-------------------------------------------------------------------- 

**ANDREW L. CARTER, JR., United States District Judge:**

      This is an action involving Plaintiff Paulette Gangemi ("Plaintiff") and arising out of Plaintiff's brief employment with Defendant Arch Oncology, Inc. ("Arch"). Plaintiff brings this action against Arch, the Arch Board of Directors ("Board"), and former Arch CEO Laurence Blumberg ("Dr. Blumberg") (collectively, "Defendants"), alleging breach of contract, promissory estoppel, fraud, and material misrepresentation. Before the Court is Defendants' motion to dismiss the Complaint. For the reasons stated herein, Plaintiff is **GRANTED** leave to file her First Amended Complaint. Defendants' motion to dismiss Plaintiff's existing promissory estoppel claim **GRANTED**. Defendants' motion to dismiss is otherwise **DENIED**.

BACKGROUND

**I.    Factual Background**

      For the purposes of this motion, the Court takes Plaintiff's allegations as true and draws all reasonable inferences in her favor.

      Plaintiff is a Human Resources executive. She was employed by Daiichi Sankyo, Inc. when, in April 2022, she was contacted by a recruiter and interviewed for a position with Defendant Arch. *See* Compl., ECF No. 3, ¶¶ 13-14. In May 2022, Plaintiff interviewed with Dr.

Blumberg, and subsequently in May and June 2022, interviewed with Arch Board members. Plaintiff alleges that Dr. Blumberg and the Board members made representations during the interviews regarding Arch's financial position and "bright future growth." *Id.*, at ¶¶ 19, 22-23, 27. Plaintiff claims that her interview with a Board member "led [her] to believe that the Company and the team was over-performing and further evidence that the Company enjoyed a solid financial position and was well capitalized." *Id.*, at ¶ 31. On June 27, 2022, Plaintiff was offered the position of Vice President of Human Resources with Arch, and received a detailed offer letter from Arch stating Plaintiff's employment was "at will." *Id.*, at ¶ 36; Offer Letter dated June 27, 2022 ("Offer Letter"), Anci Decl., Ex. B, ECF No. 30-2. The Offer Letter detailed a termination clause requiring Plaintiff to execute a release to receive severance. Ex. B. During a conversation with Dr. Blumberg on this date, Dr. Blumberg advised Plaintiff that biotech, and oncology specifically, was "risky," but he believed Arch had a "very bright future." *Id.* Plaintiff accepted the offer on June 28, 2022 and started at Arch on July 25, 2022. *Id.*

On July 11, 2022, Dr. Blumberg informed Plaintiff that a participant in an Arch clinical trial had died. *See* Compl., ECF No. 3, at ¶¶ 41-42. On July 16, 2022, Plaintiff was informed that Arch planned to lay off staff. *Id.*, at ¶ 52. On or about July 28, 2022, Plaintiff alleges she was "asked to put a severance plan[] together." *Id.*, at ¶ 72. On August 25, 2022, Arch leadership further discussed layoffs. *Id.*, at ¶ 120. Plaintiff alleges that she was "constructively terminated" from Arch on August 31, 2022, as a result of Dr. Blumberg's "actions walling her off from any actions as VP of HR." *Id.*, at ¶ 128.

## II.     Procedural Background

On September 17, 2022, Plaintiff filed this action. *See* Compl., ECF No. 3. Plaintiff seeks damages totaling in the hundreds of thousands of dollars for severance, COBRA premiums, and

salary lost by resigning from her former employer. *Id.*, at ¶¶ 4-6. On January 25, 2023,

Defendants filed a motion to dismiss. ECF No. 29.

 The Court now turns to the motion to dismiss.

**LEGAL STANDARD**

### I. 12(b)(6) Motion to Dismiss

 When deciding a motion to dismiss, the Court must "accept as true all factual statements

alleged in the complaint and draw all reasonable inferences in favor of the non-moving party."

*McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). However, the Court

need not credit "[t]hreadbare recitals of the elements of a cause of action, supported by mere

conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). Claims should be dismissed when a plaintiff has not

pleaded enough facts that "plausibly give rise to an entitlement for relief." *Id.* at 679. A claim is

plausible "when the plaintiff pleads factual content that allows the Court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550

U.S. at 556). While not akin to a "probability requirement," the plaintiff must allege sufficient

facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing

*Twombly*, 550 U.S. at 556). Accordingly, where a plaintiff alleges facts that are "'merely

consistent with' a defendant's liability, it 'stops short of the line between possibility and

plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

### II. 12(b)(6) Motion to Dismiss

 Pursuant to Rule 9(b), a plaintiff who alleges a fraud claim "must state with particularity

the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In order to comply with

Rule 9(b), the "complaint must: (1) specify the statements that the plaintiff contends were

3

fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Aquino by Convergent Distrib. of Texas, LLC v. Alexander Capital, LP*, No. 21 Civ. 1355, 2021 WL 3185533, at *12 (S.D.N.Y. July 27, 2021) (quoting *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006)). In addition, a plaintiff must also "allege facts that give rise to a strong inference of fraudulent intent." *Id.*

## ANALYSIS

### I.   COBRA

Plaintiff contends she was terminated without cause, and alleges Defendant Arch failed to pay for Plaintiff's medical premiums or, alternatively, "to advance her the premiums for the payments required by the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") as provided in the Offer Letter." Compl., ECF No. 3, at ¶¶ 132-133. Plaintiff contends she is entitled to $1,000 per month to cover COBRA premiums, and Defendants' "failure" to provide this "is a violation of Gangemi's federally guaranteed rights." *Id.* at ¶¶ 133-134.

However, "COBRA simply requires that employers notify outgoing employees of their right to elect COBRA coverage; it does not obligate employers to pay premiums for any coverage that an employee elects. Terminated and otherwise departing employees must pay their own premiums." *Polito v. Tri-Wire Eng'g Sol., Inc.*, 699 F. Supp. 2d 480, 489 (E.D.N.Y. 2010). Plaintiff has not alleged Defendant Arch failed to provide notice, or otherwise comply with COBRA. Rather, Plaintiff's COBRA claim stems from a provision in the Offer Letter. Ex. B. The Offer Letter states that, subject to conditions precedent, Arch would pay Plaintiff's COBRA premiums for the duration of the severance period. *Id.*

As such, Plaintiff has not stated a COBRA claim independent of her breach of contract claim. The Court now turns to this.

## II.   Breach of Contract

A plaintiff asserting a claim for breach of contract must satisfy the following elements: "(i) the formation of a contract between the parties; (ii) performance by the plaintiff; (iii) failure of defendant to perform; and (iv) damages." *Orlander v. Staples, Inc.*, 802 F.3d 289, 294 (2d Cir. 2015) (internal citation and quotation marks omitted).

Plaintiff alleges she is entitled to severance or COBRA coverage. Plaintiff satisfied the first prong by referring to the Offer Letter. *See* Compl., at ¶ 37. But Plaintiff has not satisfied the second prong. Plaintiff failed to allege she abided by the conditions precedent to receive severance from Arch, requiring Plaintiff "execut[e]… a general release of all claims against the Company" and comply with a Confidentiality Agreement. *See* Ex. B, ECF No. 30-2, p. 2. Plaintiff alleges she did not receive the release. ECF No. 32, at 16. But this allegation is not contained in the Complaint, and Plaintiff has not pleaded sufficient facts to support this contention.

In the alternative, Plaintiff claims Arch constructively terminated her employment. *See* Compl., at ¶¶ 128, 132. In order to allege constructive discharge, a plaintiff must show their employer, rather than directly discharging an individual, "intentionally creates an intolerable work atmosphere that forces an employee to quit involuntarily." *Chertkova v. Connecticut Gen. Life Ins. Co.*, 92 F.3d 81, 89 (2d Cir. 1996) (citation omitted). Working conditions are intolerable if they are "so difficult or unpleasant that a reasonable person in the employee's shoes would have felt compelled to resign." *Lopez v. S.B. Thomas, Inc.*, 831 F.2d 1184, 1188 (2d Cir. 1987) (quoting *Alicea Rosado v. Garcia Santiago,* 562 F.2d 114, 119 (1st Cir.1977)). "An employee is

not constructively discharged because she does not like her assignments, receives unfair criticism, or is yelled at by supervisors." *Katz v. Beth Israel Med. Ctr.*, No. 95-CIV-7183 AGS, 2001 WL 11064, at *14 (S.D.N.Y. Jan. 4, 2001) (citing *Stetson v. NYNEX Service Co.,* 995 F.2d 355, 360 (2d Cir.1993)). Being unfairly disciplined or threatened with termination is insufficient to show constructive discharge. *Hanna v. New York Hotel Trades Council*, 18 Misc. 3d 436, 439, 851 N.Y.S.2d 818, 823 (Sup. Ct. 2007) (collecting cases).

Plaintiff alleges she was constructively discharged by Arch on August 31, 2022, "as a result of Blumberg's actions walling her off from any actions as VP of HR, although she received no letter or notice of termination." Compl., at ¶¶ 128, 132. Plaintiff alleges she was subject to "abuse" by Dr. Blumberg and that he threatened her with termination. *Id.* at ¶¶ 112, 127. She alleges that on August 25 or 26, Dan Zavodnick, VP of Legal, instructed her to only speak to a handful Arch employees and outside counsel. *Id.* at ¶¶ 122-123. She alleges that she was excluded from select meetings. *Id.* at ¶ 126. Yet, Plaintiff has not provided sufficient facts supporting her constructive termination claim. While Plaintiff has alleged that she faced a difficult work environment, she has not shown that her working conditions at Arch were so intolerable so as to constitute constructive discharge. Plaintiff then has not pleaded enough facts for her constructive discharge claim that "plausibly give rise to an entitlement for relief." *Iqbal*, 556 U.S. at 679.

Plaintiff's breach of contract claim is therefore lacking. Because Plaintiff fails to plead adequate facts to support her breach of contract claim, the Court will afford Plaintiff the opportunity to amend her Complaint to attempt to cure its deficiencies.

### III.     Promissory Estoppel

"Although there is 'no categorical rejection of promissory estoppel in the employment context,' 'several courts within the Second Circuit have held that New York does not recognize promissory estoppel as a valid cause of action in the employment context.'" *Baguer v. Spanish Broad. Sys., Inc.*, No. 04-CV-8393 (KMK), 2007 WL 2780390, at *5 (S.D.N.Y. Sept. 20, 2007) (internal quotation marks and citation omitted). Courts have dismissed similar claims when "there is no promise that arises separate from Plaintiff's alleged employment relationship with Defendants." *Roelcke v. Zip Aviation, LCC*, No. 15-CV-6284, 2018 WL 1792374, at *12 (S.D.N.Y. Mar. 26, 2018). Here, Plaintiff's promissory estoppel claim is based on employment terms governed by the Offer Letter.  Plaintiff requests to add a promissory estoppel claim under ERISA. The Court hereby **GRANTS** Plaintiff's request to amend her Complaint and dismisses her existing promissory estoppel claim.

### IV.     Fraud in the Inducement and Misrepresentation

Allegations of fraud are subject to a heightened pleading standard under the Federal Rules. *See*, Fed.R.Civ.P. 9(b) (plaintiff must allege the circumstances constituting fraud "with particularity"). To successfully allege a fraud claim in the state of New York, a plaintiff must include: "[1] a false representation of material fact, [2] knowledge by the party who made the representation that it was false when made, [3] justifiable reliance by the plaintiff, and [4] resulting injury." *Evans v. Ottimo*, 469 F.3d 278, 283 (2d Cir. 2006). In compliance with Rule 9(b), a plaintiff must: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Nakahata v. New York–Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 197 (2d Cir. 2013). "Allegations that are conclusory or unsupported by factual

assertions are insufficient." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 99 (2d Cir. 2007). *See also Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006) ("Conclusory pleadings on information and belief are inadequate as a matter of law to survive a motion to dismiss" unless they are "accompanied by a statement of facts upon which the belief is founded.") (internal quotation marks and citation omitted).

In this case, Plaintiff alleges Defendants made material false statements or misrepresentations in an effort to induce her to join Arch. Plaintiff alleges these statements concerned the financial stability of Arch. *See* Compl., at ¶¶ 19-23, 31-35. For example, Plaintiff contends that Dr. Blumberg opined about the high value of Arch's stocks and the amount of cash available to Arch. *Id.*, at ¶¶ 19-23. Plaintiff alleges that but for Defendants' statements, she would not have left her prior employer and joined Arch. However, Plaintiff has not provided a factual basis for why these alleged statements were fraudulent. Plaintiff has not offered sufficient facts that Dr. Blumberg, or any other Arch representative, knowingly made a false statement to Plaintiff, or that statements were made with the intent to defraud Plaintiff. The same is true of Plaintiff's misrepresentation claim. Plaintiff fails to allege facts indicating that any misrepresentations were made for the purpose of inducing Plaintiff to act upon them. The Court finds Plaintiff has failed to adequately allege actionable misrepresentations or omissions for purposes of the fraud and misrepresentation claims.

## V.   Leave to Amend Complaint

Finally, Plaintiff seeks leave to amend her complaint. Rule 15(a)(2) states "the court should freely give leave when justice so requires." *Id*. The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John*

*Hancock Mut. Fife Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citing

*Foman*, 371 U.S. at 178).

      Because Plaintiff fails to plead adequate facts to support her claims, the Court will afford

Plaintiff the opportunity to amend her Complaint to attempt to cure its deficiencies. The Court

hereby **GRANTS** Plaintiff leave to file her First Amended Complaint. Plaintiff is **ORDERED**

file her Amended Complaint on or before **June 9, 2023**.

**CONCLUSION**

      For the reasons stated above, Plaintiff is **GRANTED** leave to file her First Amended

Complaint. Defendants' motion to dismiss Plaintiff's existing promissory estoppel claim is

**GRANTED**. Defendants' motion is otherwise **DENIED**.


**SO ORDERED.**


**Dated:**     **New York, New York**
             **May 26, 2023**

                                           **ANDREW L. CARTER, JR.**
                                        **United States District Judge**